UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN MARK REITZ,

    Plaintiff,

v.

CATHOLIC CHURCH, *et al.*,

    Defendants.

Case No. C24-869-LK

ORDER

    Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff states that he is not employed, but receives unspecified income from social security and work as a drummer. (*Id.* at 1) Plaintiff further reports $0.25 in cash on hand. (*Id.* at 2.) However, Plaintiff did not complete the IFP application's attestation declaring that he is the plaintiff in this case, that he believes he is entitled to relief, and that he is unable to pay the costs of the proceeding or give security therefor. (*Id.* at 1.) Additionally, Plaintiff did not state the amounts of money that he receives from his business, profession, or other self-employment as a drummer, or the amount of money that he receives from social security. (*Id.*) Finally, Plaintiff did not state all types and amounts of his monthly expenses, and instead only listed costs for storage. (*Id.* at 3.)

ORDER - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff did not: (1) complete the attestation of the IFP application declaring that he is unable to pay the costs of proceedings; (2) state the amount of money he receives from self-employment and social security; or (3) state the types and amounts of his monthly expenses. Under these circumstances, Plaintiff should not be authorized to proceed IFP unless he corrects these deficiencies.

Accordingly, Plaintiff is ORDERED to show cause by **July 9, 2024**, why the Court should not recommend his IFP application be denied. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

Dated this 25th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2