UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN MARK REITZ,

           Plaintiff,

   v.

CATHOLIC CHURCH, *et al.*,

           Defendants.

Case No. C24-869-LK

REPORT AND RECOMMENDATION

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff stated that he is not employed, but receives unspecified income from social security and work as a drummer. (*Id.* at 1.) Plaintiff further reported $0.25 in cash on hand. (*Id.* at 2.) However, Plaintiff did not complete the IFP application's attestation declaring that he is the plaintiff in this case, that he believes he is entitled to relief, and that he is unable to pay the costs of the proceeding or give security therefor. (*Id.* at 1.) Additionally, Plaintiff did not state the amounts of money that he receives from his business, profession, or other self-employment as a drummer, or the amount of money that he receives from social security. (*Id.*) Finally, Plaintiff did not state all types and amounts of his monthly expenses, and instead only listed costs for storage. (*Id.* at 3.)

REPORT AND RECOMMENDATION - 1

On June 25, 2024, Plaintiff was ordered to show cause by July 9, 2024, why this Court should not recommend that his IFP application be denied. (Dkt. # 4.) Specifically, Plaintiff was ordered to: (1) complete the attestation of the IFP application declaring that he is unable to pay the costs of proceedings; (2) state the amount of money he receives from self-employment and social security; and (3) state the types and amounts of his monthly expenses. (*Id.* at 2.) To date, Plaintiff has not filed a response to the Order to Show Cause.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee. Plaintiff failed to correct or respond to the deficiencies in his IFP application, as identified in this Court's Order to Show Cause (dkt. # 4) and explained above.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 12, 2024**.

The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Lauren King.

Dated this 26th day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3