UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBIN MARK REITZ,<br><br>              Plaintiff,<br>   v.<br><br>CATHOLIC CHURCH, *et al.*,<br><br>             Defendants. | CASE NO. 2:24-cv-00869-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING IFP APPLICATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson, recommending denial of pro se Plaintiff Robin Mark Reitz's application to proceed *in forma pauperis* ("IFP"). Dkt. No. 5; *see* Dkt. No. 1 (IFP application). Judge Peterson recommends denying the IFP application and directing Mr. Reitz to pay the usual filing fee. Dkt. No. 5 at 2. The Court agrees and adopts the R&R.

      Mr. Reitz filed his application to proceed IFP on June 17, 2024. Dkt. No. 1. The application contains several deficiencies, including failing to (1) specify income received from social security and work as a drummer, (2) provide a complete list of monthly expenses, and (3) complete the

attestation declaring that Mr. Reitz is unable to pay the costs of proceedings. *Id.* at 1–2. On June 25, 2024, Judge Peterson ordered Mr. Reitz to correct these deficiencies and show cause by July 9 as to why the IFP application should not be denied. Dkt. No. 4 at 2. Mr. Reitz failed to respond to the show cause order, and on July 26, Judge Peterson issued the R&R recommending that Mr. Reitz's IFP application be denied. Dkt. No. 5 at 2. Mr. Reitz did not file an objection to the R&R.[1]

Considering the IFP application's deficiencies and Mr. Reitz's failure to respond to the show cause order, the Court adopts Judge Peterson's R&R and denies the IFP application. Dkt. No. 5; *see United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) ("When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty," and it is "within the court's discretion to . . . deny the motion when the [movant is] unable, or unwilling, to verify their poverty." (cleaned up)).

Mr. Reitz must either pay the usual case filing fee or submit a corrected IFP application within 30 days of this Order. If he fails to do so, the Court will direct the Clerk of Court to close this case. *See Hopkins v. Tacoma Mun. Ct.*, 393 F. App'x 476, 477 (9th Cir. 2010) (affirming dismissal for failure to follow the district court's order to pay the case filing fee); Fed. R. Civ. P. 41(b) (permitting dismissal for failure to comply with court orders). The Clerk is directed to send uncertified copies of this Order to Mr. Reitz at his last known address.

Dated this 15th day of August, 2024.

Lauren King
United States District Judge

---

[1] The Court notes that the Ninth Circuit has held that a plaintiff is not entitled to submit written objections to a Magistrate Judge's report and recommendation that IFP status be denied. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING IFP APPLICATION - 2